The plaintiffs and defendant, being tenants in common of a messuage and tract of land, the defendant took possession of it and received the whole profits. There was no lease. The defendant was not in possession as a tenant under the plaintiffs of their undivided share, nor was there any express promise on the part of the defendant to pay. This (233) action is brought to recover the plaintiff's share of the profits so received by the defendant; and if the court shall be of opinion that the plaintiffs are entitled in this form of action to recover the same, then a judgment is to be entered for the plaintiff for $29.10, with interest thereon, etc.; and if the court shall be of a contrary opinion, a nonsuit is to be entered. The presiding judge being of opinion that the action could not be supported, directed a nonsuit, and plaintiff appealed to this Court.
It has been held that if two were jointly possessed of a horse, and one of them sell him, an action of account will lie against him for his share of the money; and it has been thought that an action *Page 127 
on the case for money had and received might also be brought; because, by the sale and turning the thing into money, the joint interest was gone, and each had a separate interest for a sum certain. Willes, 209. But when one tenant in common secured the rents and profits of a real estate, the other could not bring an action of account against him at common law, unless the latter were appointed bailiff. This is remedied in England by the statute of Anne, which, however, has not, I believe, been extended by construction to an action on the case. In this State the law remains as it was when Lord Coke wrote: "Albeit one tenant in common take the whole profits, the other has no remedy by law against him, for the taking of the whole profits is no ejectment." Co. Lit., 199b.